[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 22, 2011
JOHN LEY
CLERK

No. 11-10159
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20335-UU-9

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL MATHIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 22, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Michael Mathis appeals his sentence of 10 years' supervised release for

conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C.

§ 846. He argues that the excessive period of supervised release was procedurally unreasonable because the district court did not give sufficient justification for the sentence. He also asserts that it was substantively unreasonable because the sentence does not serve the purposes of the sentencing guidelines and is greater than necessary to comply with and promote the purposes of the statutory sentencing goals.

"[A] sentence may be reviewed for procedural or substantive unreasonableness." *United States v. Ellisor*, 522 F.3d 1255, 1273 (11th Cir. 2008). We review both the procedural and substantive reasonableness of a sentence for an abuse of discretion. *Id.* at 1273 n.25.

In reviewing whether a sentence is reasonable, we must ensure, first, that the district court did not commit a significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). "[T]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Agbai*, 497 F.3d 1226, 1230

(11th Cir. 2007) (citation and quotation omitted). However, the district court need not discuss or explicitly state on the record each § 3553(a) factor. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). "Rather, an acknowledgment by the district judge that he or she has considered the § 3553(a) factors will suffice." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007). We must then determine whether the sentence is substantively reasonable in light of the § 3553(a) factors. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from further criminal conduct by the defendant, and provide the defendant with needed educational training, vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

"The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotations and alteration omitted). We vacate a sentence only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011) (quotation omitted). The reasonableness of a sentence may be indicated when the sentence imposed was well below the statutory maximum sentence. *See Gonzalez*, 550 F.3d at 1324.

Mathis's sentence is both procedurally and substantively reasonable. It is procedurally reasonable because the district court adequately explained its reasons

for sentencing Mathis to 10 years' supervised release by stating that it considered the parties' arguments and the statutory factors. The court explained that it was imposing the 10 years of supervised release because it varied down to 120 months' of imprisonment and wanted to hold him accountable if he broke the law in the future. It is substantively reasonable because it is well below the statutory maximum and helps deter future criminal conduct by him. Furthermore, based on Mathis's history and characteristics as a career offender, and the deterrence effect that the extended supervised release will have on his future criminal conduct, the sentence is not greater than necessary. Because the sentence is procedurally and substantively reasonable, the district court did not err. Accordingly, we affirm.

**AFFIRMED.**[1]

---

[1] Mathis's request for oral argument is denied.